## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ROADBUILDERS MACHINERY SUPPLY
CO., INC., a Kansas Corporation,
et al.,

                 Plaintiffs,

v.                                         Civil Action No. 11-2681-KHV-DJW

SENNEBOGEN, INC.,

                 Defendant.

### MEMORANDUM AND ORDER

Pending before the Court are Plaintiffs' Motion to Serve Discovery (ECF No. 15) and Defendant's Motion to Stay Planning Conference and Scheduling Order (ECF No. 18). Plaintiffs move the Court for leave to serve discovery on Defendant, including interrogatories and requests for production of documents. Defendant moves the Court for an order staying the planning conference and issuance of the scheduling order until the Court rules on Defendant's Motion to Dismiss or Stay Proceedings and Compel Arbitration (ECF No. 6). For the reasons set forth below, the Court grants Defendant's motion to stay and denies Plaintiffs' motion to serve discovery.

### I.    Background Facts

Plaintiffs filed this action on December 16, 2011, alleging that Defendant unlawfully terminated Plaintiffs' Sennebogen equipment dealership. Defendant filed its Motion to Dismiss or Stay Proceedings and Compel Arbitration on January 26, 2012. Plaintiffs oppose Defendant's motion on the grounds that because the arbitration clause in the dealership agreement conflicts with K.S.A. 16-308, the clause must be struck from the agreement. According to Plaintiffs, the dealership agreement provides that in the event of such a conflict between a clause contained in the agreement

and state law, the clause shall be stricken from the agreement.  Defendant's Motion to Dismiss or Stay Proceedings and Compel Arbitration is still pending.

## II.    Parties' Arguments

After a failed attempt to confer with Defendant regarding a discovery plan, Plaintiffs filed this instant motion for leave to serve discovery on March 8, 2012.  Plaintiffs assert that Defendant's Motion to Dismiss or Stay Proceedings and Compel Arbitration provides an insufficient basis to stay discovery.  Plaintiffs note that, even when a dispositive motion is pending, it is the general policy in the District of Kansas not to stay discovery proceedings.  Defendant opposes Plaintiffs' motion on three grounds. First, Defendant asserts that the Federal Arbitration Act only allows discovery related to the issue of arbitration once the motion to compel arbitration has been filed.  Second, Defendant claims that the Commercial Arbitration Rules, which govern the arbitration process, do not permit the type of discovery sought by the Plaintiff.  Third, Defendant states that allowing discovery at this stage could result in a waste of time and resources for all involved.

Relying on these same reasons, Defendant filed a Motion to Stay Planning Conference and Scheduling Order on March 9, 2012.  In their Response to Defendant's motion, Plaintiffs reassert that discovery should proceed because it is the policy of the District of Kansas not to stay discovery when a dispositive motion is pending.   Plaintiffs also oppose Defendant's interpretation that the Federal Arbitration Act stays proceedings until after the district court rules on the Defendant's motion to compel arbitration.  In response to Defendant's waste argument, Plaintiffs contends that no waste will occur because the discovery will take place regardless of the forum.

### III.    Analysis

Plaintiffs correctly point out that in *Wolf v. United States*[1] the court noted the District of Kansas has a general policy not to stay discovery even when a dispositive motion is pending.  The next sentence in the *Wolf* opinion, however, identifies several situations when it would be appropriate to stay discovery until the pending dispositive motion has been decided.[2]  The court in *Wolf* noted that a stay might be appropriate when the resolution of the dispositive motion might end the case, the discovery sought is not necessary for resolving the pending dispositive motion, or the discovery would be "wasteful and burdensome."[3]

Other courts have stayed discovery and further proceedings pending the outcome of a motion to compel arbitration on the grounds that such discovery would be costly, both in terms of time and money, to the parties and the court.  In *Klepper v. SLI, Inc.*,[4] the U.S. Court of Appeals for the Third Circuit reversed a lower court's order allowing discovery while a motion to compel arbitration was pending. In support of its reversal, the Third Circuit reasoned that allowing discovery to continue would force upon the party the very processes and expenses of litigation that the party sought to avoid through arbitration.[5]  In *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*,[6] the United States District Court for the District of Colorado cited the "interests of judicial economy" as the

---

[1]157 F.R.D. 494, 495 (D. Kan. 1994).

[2]*Id*.

[3]*Id*.

[4]45 Fed. Appx. 136, 139 (3d Cir. 2002).

[5]*Id.*

[6]357 F. Supp. 2d 1277, 1280 (D. Colo. 2004) (noting that the defendant's motion to dismiss could end the case).

basis for an order to stay discovery pending the outcome of the defendants' motion to dismiss, or in the alternative, compel arbitration.

Plaintiffs assert discovery would not be wasteful because discovery will occur regardless of whether the forum is in federal court or arbitration. The removal of the case to arbitration, however, shifts the responsibility to the arbitrator to oversee the process and determine the scope of discovery allowed. There is potential for wasted resources if the previously conducted discovery is not allowed by the arbitrator.[7]

Despite this District's general policy of not staying discovery while a dispositive motion is pending, this Court finds that protecting the resources of the parties and the judiciary outweighs Plaintiffs' interest in beginning discovery before the resolution of Defendant's Motion to Dismiss or Stay and Compel Arbitration. The Court, after reviewing the Plaintiffs' discovery requests, does not find that the information sought through discovery is necessary to resolve Defendant's Motion to Dismiss or Stay Proceedings and Compel Arbitration. Moreover, this Court does not find that Plaintiffs will be unduly prejudiced by this delay in beginning the discovery process. In fact, if the case is transferred to arbitration, Plaintiffs may benefit from not having to change course in their discovery plan. Allowing discovery at this point would, however, require Defendant to expend resources on litigation activities that it sought to avoid when it included an arbitration clause in the dealership agreement.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay Planning Conference and Scheduling Order (ECF No. 18) is granted. All pretrial proceedings are hereby stayed until such

---

[7]*See Stiener v. Apple Computer, Inc.*, No. C 07-4486 SBA, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007).

time as the Court rules on Defendant's Motion to Dismiss or Stay Proceeding and Compel

Arbitration (ECF No. 6).  In the event the motion is denied, counsel for Plaintiffs should send an

email to KSD_Waxse_chambers@ksd.uscourts.gov to set up a scheduling conference.

   **IT IS FURTHER ORDERED** that Plaintiff's Motion to Serve Discovery (ECF No. 15) is

denied.

   Dated in Kansas City, Kansas, this 13th day of April, 2012.


                              s/ David J. Waxse
                              David J. Waxse
                              United States Magistrate Judge


cc:   All counsel and *pro se* parties