IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROADBUILDERS MACHINERY ) | |
| SUPPLY CO., INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 11-CV-2681-KHV |
| SENNEBOGEN, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### MEMORANDUM AND ORDER

Roadbuilders Machinery Supply Co., Inc. brings this diversity action against Sennebogen, LLC alleging state law wrongful termination and breach of contract claims relating to a machinery distribution agreement. See Complaint (Doc. #1) filed December 16, 2011. This matter is now before the Court on Defendant's Motion To Dismiss Or Stay Proceedings And Compel Arbitration (Doc. #6) filed January 26, 2012. Defendant seeks dismissal under Fed. R. Civ. P. 12(b)(6) alleging that plaintiff is not a party to the distribution agreement and is therefore not a real party in interest that can prosecute this action. To the extent that the real party in interest – namely, Midwest Equipment Co. – substitutes itself as plaintiff, defendant seeks to compel arbitration and stay the case as required by the distribution agreement.

In response to the motion to dismiss, plaintiff filed an amended complaint which (1) explains that plaintiff is indeed the proper party plaintiff because Midwest Equipment Co. is not a legal entity and that plaintiff used that name as a d/b/a on the distribution agreement at issue in this case and (2) omits the breach of contract claim. Defendant does not contest plaintiff's explanation or the filing of the amended complaint. Thus, the only claim which remains in the

case is plaintiff's claim that defendant wrongfully terminated the distribution agreement in violation of the Kansas Outdoor Power Equipment Dealership Act ("KOPEDA"), K.S.A. §§ 16-1301-1312.  The motion to dismiss is therefore deemed moot and the Court addresses whether it should compel arbitration and stay the proceeding.

## Analysis

In support of its motion to compel arbitration, defendant points out that the machinery distribution agreement contains a mandatory arbitration clause which requires the Court to stay the case and compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-3.  Specifically, Article 14 of the distribution agreement states in relevant part as follows:

> 14.1 <u>Disputes</u>.  Any dispute, controversy or claim arising out of or relating to this Agreement shall be finally settled by arbitration in Charlotte, North Carolina, U.S.A. in accordance with the Commercial Arbitration Rules of the American Arbitration Association in effect on the date of this Agreement and judgment upon the award rendered by the arbitrator(s) shall be final and binding and may be entered in any court having jurisdiction thereof.  The arbitration shall be conducted in the English language.
> 14.2 <u>Indemnification</u>.  This Article 14 provides the sole recourse for the settlement of any dispute arising under or in connection with this Agreement.
> 14.3 <u>Governing Law</u>.  This Agreement shall be governed by, and interpreted and construed in accordance with, the laws of the State of North Carolina, U.S.A., excluding its conflict of law principles.

The FAA ensures that contractual agreements to arbitrate disputes are "valid, irrevocable, and enforceable."  9 U.S.C. § 2; see <u>Hill v. Ricoh Americas Corp.</u>, 603 F.3d 766, 770-71 (10th Cir. 2010).  Federal policy favors arbitration agreements and requires that the Court rigorously enforce them.  <u>Shearson/Am. Express, Inc. v. McMahon</u>, 482 U.S. 220, 226 (1987).  On a motion to compel arbitration under the FAA, the Court applies a strong presumption in favor of arbitration.  <u>ARW Exploration Corp. v. Aguirre</u>, 45 F.3d 1455, 1462 (10th Cir. 1995).  Where the

parties dispute whether a valid and enforceable arbitration agreement exists, however, this presumption of arbitrability disappears. Riley Mfg. Co., Inc. v. Anchor Glass Container Corp., 157 F.3d 775, 779 (10th Cir. 1998).

In seeking to compel arbitration, defendant bears the initial burden to present evidence sufficient to demonstrate an enforceable agreement to arbitrate. SmartText Corp. v. Interland, Inc., 296 F. Supp.2d 1257, 1263 (D. Kan. 2003). Defendant has satisfied this burden, as the distribution agreement clearly includes an arbitration clause which states that the parties will arbitrate "[a]ny dispute, controversy or claim arising out of or relating to" it.

Plaintiff concedes that it signed the distribution agreement, but citing an unpublished report and recommendation from the District of Maine, argues that the arbitration provision conflicts with Kansas statutory law and is therefore "stricken."[1] Specifically, plaintiff argues that (1) under § 16-1308 of KOPEA, it is entitled to bring an action in any court of competent jurisdiction; (2) this right under KOPEA conflicts with the mandatory arbitration provision in the distribution agreement; (3) a severability clause in the distribution agreement invalidates and deems stricken any provision in the agreement which conflicts with a statutory provision; and (4) the arbitration provision conflicts with KOPEA and is thus "stricken" and unenforceable.

As the Supreme Court explained in AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1745 (2011), courts must place arbitration agreements on an equal footing with other contracts and enforce them according to their terms. Under the FAA, arbitration agreements may be invalidated by "generally applicable contract defenses like fraud, duress, or unconscionability, but not by defenses which only apply to arbitration or which derive their meaning from the fact

---

[1] Neither party addresses the choice of law provision which elects North Carolina law. Similarly, neither party addresses whether, under Kansas conflicts of law principles, the law of a state other than North Carolina applies to plaintiff's claim.

that an agreement to arbitrate is at issue." Id. at 1746.  And, as defendants point out, the FAA preempts conflicting state law which exempts enforcement of arbitration agreements involving interstate commerce.  Packard v. Credit Solutions of Am., Inc., 42 Kan. App. 2d 382, 384, 213 P.3d 437, 440 (2009).  Thus, to the extent KOPEA exempts enforcement of arbitration agreements involving interstate commerce – which is the basis of plaintiff's argument that KOPEA conflicts with the arbitration provision – it is preempted by the FAA.  The Court therefore sustains defendant's motion in part and orders that the proceedings be stayed pending arbitration of this matter.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion To Dismiss Or Stay Proceedings And Compel Arbitration (Doc. #6) filed January 26, 2012 be and hereby is **SUSTAINED IN PART.**  The Court overrules defendant's motion to dismiss and sustains defendant's motion to compel arbitration and stay this proceeding.

**IT IS FURTHER ORDERED THAT** the parties file with the Court a joint status report every 90 days.

Dated this 28th day of September, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

4