# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROADBUILDERS MACHINERY SUPPLY CO., INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SENNEBOGEN, LLC, )<br>)<br>Defendant. )<br>)  | CIVIL ACTION<br><br>No. 11-2681-KHV |

## MEMORANDUM AND ORDER

Roadbuilders Machinery Supply Co., Inc. brings suit against Sennebogen, LLC under the Kansas Outdoor Power Equipment Dealership Act ("KOPEDA"), K.S.A. §§ 16-1301 to 16-1312, for wrongful termination of a distribution agreement. On September 28, 2012, the Court entered an order which sustained defendant's motion to stay proceedings and compel arbitration. See Memorandum And Order (Doc. #23). This matter comes before the Court on plaintiff's Motion For Reconsideration Or, Alternatively, To Order Arbitration In Kansas City And Certify Arbitration Issue As Appealable (Doc. #24) filed October 12, 2012. For reasons stated below, the Court overrules plaintiff's motion.

## Legal Standards

A motion to reconsider must be based on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. See Coffeyville Res. Ref. & Mktg. LLC v. Liberty Surplus Ins. Corp., 748 F. Supp.2d 1261, 1264 & n.2 (D. Kan. 2010); see also D. Kan. R. 7.3(b); Comeau v. Rupp, 810 F. Supp. 1172, 1174–75 (D. Kan. 1992). A motion to reconsider is not a second opportunity for the losing party to make its strongest

case, to rehash arguments or to dress up arguments that previously failed. Brown v. Presbyterian Healthcare Servs., 101 F.3d 1324, 1332 (10th Cir. 1996); RTC v. Greif, 906 F. Supp. 1446, 1456 (D. Kan. 1995); Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan. 1994). A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider. Cline v. S. Star Cent. Gas Pipeline, Inc., 370 F. Supp.2d 1130, 1132 (D. Kan. 2005). Whether to grant a motion to reconsider is left to the Court's sound discretion. Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 944 (10th Cir. 1995).

## Analysis

Plaintiff asserts that the Court erred in finding that the parties agreed to arbitrate plaintiff's claims. Specifically, plaintiff asserts that the parties' distribution agreement contains a severability clause which operates to exclude KOPEDA claims from the agreement to arbitrate. See Suggestions In Support Of Motion For Reconsideration Or, Alternatively, To Order Arbitration In Kansas City And Certify Arbitration Issue As Appealable ("Plaintiff's Suggestions In Support") (Doc. #25) filed October 12, 2012 at 3, 5-8. In response to defendant's motion to stay proceedings and compel arbitration, plaintiff made similar arguments which the Court considered and rejected. See Response Opposing Motion To Dismiss Or Stay Proceedings And Compel Arbitration (Doc. #10) filed February 2, 2012 at 14-14; Memorandum And Order (Doc. #23) filed September 28, 2012 at 3.

Although somewhat difficult to follow, plaintiff's argument goes something like this: KOPEDA provides a retailer the right to bring an action in any court of competent jurisdiction. See K.S.A. § 16-1308.[1] This provision conflicts with the parties' agreement to arbitrate "[a]ny

---

[1] Section 1308 states as follows:

(continued...)

-2-

dispute, controversy or claim arising out of or relating to" the distribution agreement.[2]  In light of this conflict, the distribution agreement's severability clause operates to exclude KOPEDA claims from the agreement to arbitrate.[3]

Plaintiff's argument is fundamentally flawed.  The fact that KOPEDA may provide retailers the right to sue in any court does not show that it prohibits retailers from agreeing to arbitrate their claims.  Plaintiff points to no law or statutory provision which prohibits agreements to arbitrate KOPEDA claims.  Thus, no conflict exists and the severability clause does not come into play.  On

---

[1](...continued)
  If any supplier violates any provisions of K.S.A. 16-1306 or 16-1307, a retailer may bring an action in any court of competent jurisdiction for damages sustained by the retailer as a consequence of the supplier's violation.  The court may also award court costs and reasonable attorney fees to the prevailing party.  The remedies set forth in this section shall not be deemed exclusive and shall be in addition to any other remedies permitted by law including proceedings under the Kansas consumer protection act.

K.S.A. § 16-1308.

[2]   The arbitration provision states as follows:

Any dispute, controversy or claim arising out of or relating to this Agreement shall be finally settled by arbitration in Charlotte, North Carolina, U.S.A. in accordance with the Commercial Arbitration Rules of the American Arbitration Association[.]
* * *

Distribution Agreement ¶ 14.1.

[3]   The severability clause states as follows:

In the event that any of the terms or conditions of this Agreement are in conflict with any rule of law or statutory provision or are otherwise unenforceable under the laws or regulations of any government or subdivision thereof, such terms and conditions shall be deemed stricken from this Agreement[.] * * *

Distribution Agreement ¶ 15.6, Exhibit 2 to Memorandum In Support Of Defendant's Motion To Dismiss Or Stay Proceedings And Compel Arbitration (Doc. #7) filed January 26, 2012.

this record, the Court will not reconsider its previous ruling.[4]

Alternatively, plaintiff asks the Court to order arbitration in Kansas City, Kansas. As noted, the parties' agreement requires them to arbitrate in Charlotte, North Carolina. Plaintiff asserts that because defendant filed its motion to compel arbitration in this Court, it waived the forum selection clause in the arbitration agreement. Plaintiff's Suggestions In Support (Doc. #25) at 9-10. Plaintiff is mistaken.[5] Moreover, the validity of a forum selection clause is a question for the arbitrator to decide. See LodgeWorks, L.P. v. C.F. Jordan Constr., LLC, No. 12-3074, 2012 WL 6621679, at *2 (10th Cir. Dec. 20, 2012).

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Reconsideration Or, Alternatively, To Order Arbitration In Kansas City And Certify Arbitration Issue As Appealable

---

[4] The Court denies plaintiff's request to certify this issue for an interlocutory appeal under 28 U.S.C. § 1292(b). See Plaintiff's Suggestions In Support (Doc. #25) at 10-11. Specifically, the Court disagrees with plaintiff's assertion that a substantial ground for difference of opinion exists with respect to a controlling question of law.

[5] In Ansari v. Qwest Commc'ns Corp., 414 F.3d 1214, 1220 (10th Cir. 2005), the Tenth Circuit found that a district court lacks authority to compel arbitration in other districts or in its own district if the parties have specified another location for arbitration. The Tenth Circuit later clarified that this rule is one of venue and is not a jurisdictional prerequisite. See Image Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1052 (10th Cir. 2006). Thus, the parties may waive the issue if they do not timely raise it. Id. Here, defendant asked the Court to stay proceedings and compel arbitration in Charlotte, North Carolina. See Defendant's Motion To Dismiss Or Stay Proceedings And Compel Arbitration (Doc. #6) and Memorandum In Support Of Defendant's Motion To Dismiss Or Stay Proceedings And Compel Arbitration (Doc. #7) at 3-4, both filed January 26, 2012. Plaintiff did not object to the Court's authority to do so. See Response Opposing Motion To Dismiss Or Stay Proceedings And Compel Arbitration (Doc. #10) filed February 9, 2012. Accordingly, plaintiff has waived the right to object. See Image Software, 459 F.3d at 1052.

(Doc. #24) filed October 12, 2012 be and hereby is **OVERRULED**.

Dated this 8th day of January, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
